IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTIAN NAPOLES ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 12 C 10220 |
| ) | |
| DAVID JOHNSON, SR., individually and as ) | Hon. Virginia M. Kendall |
| Father and Next Friend of DAVID JOHNSON, ) | |
| Jr., a minor, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cristian Napoles has asserted claims against Defendant David Johnson Jr. for common law battery and for aggravated battery. He also asserted a claim against Defendant David Johnson Sr. for negligent supervision. The Defendants have separately moved to dismiss the claims asserted them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the Court dismisses the aggravated battery and negligent supervision claims but denies the motion to dismiss the common law battery claim.

## BACKGROUND

The following facts are taken from Napoles's Complaint are assumed to be true for purposes of the Motion to Dismiss. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 520 (7th Cir. 2003); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). On October 31, 2011, Napoles and Johnson Jr. got into an altercation at the corner of Price Avenue and 156th Place in Calumet City, Illinois. During the course of the altercation, Johnson Jr. hit Napoles in

1

the left eye with a blunt object. The strike caused severe damage to Napoles's eye. As a result, Napoles's left eye needed to be removed and he is now partially blind.

Due to this injury, Napoles filed the instant action in the Circuit Court of Cook County, Illinois asserting claims against Johnson Jr. for common law battery and aggravated battery as well as a claim against Johnson Sr. for negligent supervision of a minor child.[1] On December 21, 2012, Johnson Sr. removed the case to this Court on the basis of diversity jurisdiction as established in 28 U.S.C. § 1332. The defendants have now separately moved this Court to dismiss the respective claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) the Court accepts as true all of the well-pled facts alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 619 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)); *accord Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

---

[1] The Complaint is unclear regarding the specific claims that are asserted against each defendant. However, Napoles clarified in subsequent representations to the Court that Counts I and II, which assert claims for battery and aggravated battery, are asserted only against David Johnson Jr. Count III, which asserts a claim for negligent supervision, is asserted against David Johnson Sr. (*See, e.g.,* Doc. 29 at ¶¶ 2-3 ["Plaintiff has brought suit against the minor, David Johnson Jr. under a theory of the [sic] civil tort battery (Count I); and aggravated battery (Count II). Plaintiff has brought suit against the minor's father, David Johnson Sr., under a theory of negligent supervision (Count III)."].)

(internal quotations omitted). In analyzing whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. When the factual allegations are well-pled the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id.* at 679. A claim has facial plausibility when the factual content plead in the complaint allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678.

## DISCUSSION

### I. Subject-Matter Jurisdiction

As a preliminary matter the Court is compelled to discuss the existence of subject-matter jurisdiction in this case. *See Wernsing v. Thompson,* 423 F.3d 732, 743 (7th Cir. 2005) (noting that if there is a possible absence of subject-matter jurisdiction, the Court should raise that issue on its own motion); *Smoot v. Mazda Motors of America, Inc.,* 469 F.3d 675, 678 (7th Cir. 2006) (because "limits on subject-matter jurisdiction are not waivable or forfeitable...federal courts are required to police their jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

This case was removed from the Circuit Court of Cook County on the basis of diversity jurisdiction under 28 U.S.C. § 1332. The defendants in this case have the burden of proving that the parties are citizens of different states. *See Smart v. Local 702 International Brotherhood of Electrical Workers,* 562 F.3d 798, 802-03 (7th Cir. 2009). The Complaint alleges that the plaintiff and both defendants are residents of Illinois. The notice of removal concedes this point but argues that Napoles is not a citizen of Illinois for diversity purposes because Napoles is a

citizen of Mexico who is residing in the United States illegally.[2] As part of his notice of removal, Johnson Sr. presented evidence demonstrating that there is no record of a birth certificate, Social Security Number or driver's license issued to Napoles by the United States. Johnson Sr. also presented evidence that there are no records demonstrating that Napoles is a lawful United States resident, such as a record of a Green Card. At a status hearing before this Court on February 7, 2013, counsel for Napoles did not dispute the assertion that Napoles is an illegal alien. However, neither party directly addressed the question of whether an alien living in the United States illegally can still be considered domiciled in the state in which they reside for purposes of 28 U.S.C. § 1332.

An individual is a citizen of the state in which he is domiciled. This means the state where the individual has "a permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Dakuras v. Edwards,* 312 F.3d 256, 258 (7th Cir. 2009). The Court notes that an individual does not need to be a United States citizen to be considered a citizen for purposes of a diversity analysis. *See* 28 U.S.C. § 1332(a) ("an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled"); *see also Intec USA, LLC v. Engle,* 467 F.3d 1038, 1042-43 (7th Cir. 2006). However, this provision only applies to aliens admitted to the United States legally. Aliens who have entered the United States illegally are not considered citizens of one of the fifty states; rather, they are still considered citizens of a foreign state. *See, e.g., Collado v. Cancel,* No. 9:10-1870-MBS-RSC, 2010 WL 4038799, at *2 (D.S.C. Sept. 3, 2010) ("since it is

---

[2] The pertinent question in determining diversity is the citizenship of the parties, not their residency. *See Heinen v. Northrop Grumman Corp.,* 671 F.3d 669 (7th Cir. 2012); *Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction.").

clear that Plaintiff is an illegal alien and a citizen of the Dominican Republic, he never became either a New York or South Carolina resident for diversity purposes. Instead, he retained his status as a citizen of a foreign state..."). As a result, diversity jurisdiction exists in this case because the defendants presented sufficient evidence to meet their burden in showing that Napoles is not a United States citizen or a legal resident alien. *See* 28 U.S.C. § 1332(a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter...is between citizens of a State and citizens or subjects of a foreign state...").[3]

## II. The Battery and Aggravated Battery Claims Against Defendant Johnson Jr.

Napoles asserts common law claims of battery and aggravated battery against Johnson Jr. Under Illinois law an individual commits a battery if he: (1) "acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact"; and (b) "a harmful contact with the person of the other directly or indirectly results." *Bakes v. St. Alexius Medical Center,* 955 N.E.2d 78, 85-86 (Ill. App. Ct. 2011) (citing RESTATEMENT (SECOND) OF TORTS § 13 (1965)); *see also Chelios v. Heavener,* 520 F.3d 678, 692 (7th Cir. 2008) ("Under Illinois law, battery is the unauthorized touching of another that offends a reasonable sense of personal dignity.") (internal quotations and citations omitted).

Napoles's Complaint contains sufficient factual allegations to make it plausible that Johnson Jr. is liable for a battery. The Complaint alleges that Napoles and Johnson Jr. were involved in an altercation on October 31, 2011 at the corner of Price Avenue and 156th Place in Calumet. It further alleges that Johnson Jr. struck Napoles in his left eye with a blunt object. It can be reasonably inferred from the allegations in the Complaint that Johnson Jr. intended to

---

[3] There is no dispute that the amount in controversy exceeds the $75,000 threshold set forth in 28 U.S.C. § 1332.

5

strike Napoles with the blunt object and intended to injure Napoles. As a result, Napoles has sufficiently pleaded a claim of common law battery to withstand a Rule 12(b)(6) motion to dismiss. *See, e.g., Luis v. Smith Partners & Assocs., Ltd.*, No. 12 C 2922, 2012 WL 5077726, at *6 (N.D. Ill. Oct. 18, 2012) (finding that allegation that Defendant intentionally struck Plaintiff was sufficient to state a claim for battery under Illinois law).

The same cannot be said for Napoles's claim for aggravated battery. The only discernible difference between Napoles's claims for battery and aggravated battery is that Napoles adds the allegation that Johnson Jr. intentionally caused Napoles's "permanent disability or disfigurement" to his claim for aggravated battery. (*See* Complaint, Doc. 1-3, at 5, ¶¶ 6-7.) Napoles appears to add this allegation in an attempt to plead the elements for aggravated battery as defined in 720 ILCS 5/12-4. This provision states in relevant part that "[a] person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery." 720 ILCS 5/12-4. However, 720 ILCS 5/12-4 is part of the Illinois Criminal Code. It does not create a private right of action under Illinois tort law. Indeed, the Court was unable to locate a single case that defined "aggravated battery" as a tort under Illinois law. Since "aggravated battery" is not a separate and distinct tort from common law battery, Napoles's second claim is redundant of his first and must be dismissed with prejudice. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.,* 385 F.3d 737, 744 (7th Cir. 2004) (indicating that duplicative claims should be dismissed); *see also* Fed. R. Civ. P. 12(f) (allowing a court to "strike from a pleading...any redundant, immaterial, impertinent, or scandalous matter"); *Archer Daniels Midland Co. v. Hartford Fire Ins. Co.,* 243 F.3d 369 (7th Cir. 2001) (affirming district court's decision to deny leave to amend a complaint because "[m]uch of the new complaint is just the same claim

multiplied, the sort of redundancy (four reformation theories rather than one) that does little beyond running up lawyers' bills").

### III. The Negligent Supervision Claim Against Defendant Johnson Sr.

Napoles's claim for negligent supervision against Johnson Sr. also fails. Under Illinois law, a parent of a minor child commits the tort of negligent supervision if he or she fails to exercise reasonable care in controlling his or her minor child so as to prevent the child from intentionally harming others or from creating an unreasonable risk of bodily harm to others. In order to be liable, the parent: (1) has to be aware of specific instances of prior conduct that are sufficient to place him or her on notice that the act complained of was likely to occur; and (2) had the opportunity to control the child but failed to. *See Appelhans v. McFall,* 757 N.E. 2d 987, 993 (Ill. App. Ct. 2001) (citing *Lott v. Strang,* 727 N.E.2d 407, 409 (Ill. App. Ct. 2000)).

In this case, the allegations supporting the claim for negligent supervision are nothing more than a bare recitation of the elements. No facts are alleged that would make it plausible that Johnson Sr. could be liable for negligent supervision. For example, there are no allegations regarding specific instances of prior conduct that Johnson Sr. was aware of. Napoles also does not assert any facts indicating that Johnson Sr. possessed the ability to prevent Johnson Jr. from allegedly injuring Napoles. Accordingly, Napoles's Complaint fails to state a claim for negligent supervision. *See Iqbal,* 129 S.Ct. at 1949 ("Thread-bare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient to state a claim under Rule 12(b)(6)."); *Bisseur v. Indiana Univ. Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009) (holding that bare recitation of the elements of a claim are insufficient to state a claim); *see also, e.g., Bland v. Candioto,* No. 04 C 8361, 2006 WL 2735501, at *4 (N.D. Ill. Sept. 26, 2006) (pre-*Twombly/Iqbal* opinion dismissing negligent supervision claim because plaintiff failed to allege

any facts "indicating that [the parent] knew of [the offending child's] prior outbursts or that [the parent] had any immediate opportunity to step in and stop [the child] from injuring [the plaintiff].").

Defendant Johnson Sr. also argues that this claim should be dismissed with prejudice. However, this would be an unduly harsh result at this stage of the litigation. Federal Rule of Civil Procedure 15(a)(2) directs a district court to grant leave to amend a complaint "when justice so requires." *See also Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 943 (7th Cir. 2012). This means that district courts should only refuse to grant leave where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009). Johnson Sr. argues that amendment would be futile. However, Napoles may have knowledge of facts that, perhaps for strategic reasons, he did not include in his Complaint. Now that the Court has described the deficiencies with his negligent supervision claim, Napoles may be able to correct those deficiencies by pleading additional facts that he did not include here. Accordingly, the Court finds that this claim should not be dismissed with prejudice at this time.

**CONCLUSION**

For the reasons set forth above Defendant Johnson Jr.'s motion to dismiss is granted in part and denied in part. His motion to dismiss the battery claim (Count I) is denied. His motion to dismiss the aggravated battery claim (Count II) is granted. Count II is dismissed with prejudice. Defendant Johnson Sr.'s motion to dismiss is granted. The negligent supervision claim (Count III) is dismissed without prejudice. Napoles is given leave to file an amended complaint within fourteen days of the entry of this Order.

                                                   _____
                                                   Virginia M. Kendall
                                                   United States District Court Judge
                                                   Northern District of Illinois

Date: May 8, 2013