UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRISTIAN NAPOLES,

    Plaintiff,

    *v.*

DAVID JOHNSON, SR., individually
and as father and next friend of
DAVID JOHNSON, JR., a minor,

    Defendants.

No. 12 CV 10220

Judge Manish S. Shah

## ORDER

Defendant's motion to dismiss, [83], is granted. Counts II and III of the Third Amended Complaint are dismissed, as the complaint contains no allegations supporting an inference of willful and wanton conduct, whether intentional or reckless in nature.

## STATEMENT

In his Third Amended Complaint, [80],[1] Cristian Napoles alleges that he was physically injured by David Johnson, Jr., a minor. Napoles brings against Johnson (through Johnson's father and next friend, David Johnson, Sr.), three claims under Illinois common law: negligence (Count I), willful and wanton misconduct (Count II), and reckless and negligent conduct (Count III).[2] Defendants move to dismiss Counts II and III of the current complaint.

*The Facts*

Napoles alleges that on October 31, 2011, both he and Johnson, Jr. were at or near the intersection of 156th Street and Price Avenue in Calumet City, Illinois. *See* [80] ¶¶ 6–7. According to Napoles, Johnson at that time acted in a negligent manner,

---

[1] Citations to the record are designated by the document number as reflected on the district court's docket, enclosed in brackets; referenced page numbers are from the CM/ECF header placed at the top of filings.

[2] The district court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). *See* May 8, 2013 Memorandum Opinion and Order (Kendall, J.), [34] at 3–5.

and as a result "caused physical injuries" to Napoles. *See id.* ¶¶ 8–9. Napoles also alleges that Johnson acted "in a willful and wanton manner," *id.* ¶ 12, and "in a reckless manner," *id.* ¶ 15.

*Johnson's Motion to Dismiss*

Johnson moves to dismiss Counts II (willful and wanton misconduct) and III (reckless and negligent conduct) of Napoles's Third Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* [83]. According to Johnson, Count II is insufficiently pleaded, *see id.* at 3–4, and Count III fails as a matter of law because no such cause of action exists in Illinois, *see id.* at 4–5.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not set forth detailed factual allegations, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted), but it must present enough factual matter, accepted as true, that the claim to relief is plausible on its face, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In considering a Rule 12(b)(6) motion to dismiss, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (citation omitted).

To demonstrate willful and wanton conduct in Illinois, the plaintiff must first establish the elements for a basic negligence claim: existence of a duty, breach of that duty, and injury proximately caused by the breach. *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 514 (7th Cir. 2010) (citing *Krywin v. Chi. Transit Auth.*, 391 Ill.App.3d 663 (2009)). In addition, the plaintiff must show that the defendant's breach of duty was more than just a negligent breach. *See id.* Conduct is willful and wanton only if the defendant intended his actions to cause harm, or if his actions exhibited "indifference to or conscious disregard for the safety of others." *Chapman v. Keltner*, 241 F.3d 842, 847 (7th Cir. 2001) (citing *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill.2d 429 (1992); *Loitz v. Remington Arms Co., Inc.*, 138 Ill.2d 404 (1990)); *see also Murray v. Chicago Youth Center*, 224 Ill.2d 213, 238 (2007) (discussing *Burke*, 148 Ill.2d at 451); *Pfister v. Shusta*, 167 Ill.2d 417, 421 (1995) (citing *Ziarko v. Soo Line R.R. Co.*, 161 Ill.2d 267, 273 (1994); Illinois Pattern Jury Instructions, Civil, No. 14.01 (3d ed. 1993)).

The allegations in Napoles's Third Amended Complaint—even when viewed in his favor—do not adequately suggest that Johnson intended to harm Napoles, or that Johnson acted with any indifference to or with conscious disregard for Napoles's safety. All that is known is that Johnson purportedly injured Napoles. No facts are

asserted concerning how Johnson supposedly caused such an injury, what the injury was, or any other circumstances surrounding the harm that Napoles claims to have suffered. The only statement pertaining to Johnson's alleged willful and wanton conduct is Napoles's assertion that Johnson "acted in a willful and wanton manner," [80] ¶ 12. This is not a statement of fact; it is a recitation of what Napoles must demonstrate with factual allegations that are otherwise missing. "Threadbare recitals of . . . a cause of action" are insufficient to satisfy the notice-pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Napoles argues that his allegations of willful and wanton conduct are adequate because there is a "thin line" between willful and wanton acts and those that are merely negligent, *see* [85] at 2 (citing *Ziarko*, 161 Ill.2d 267), and defendant here "has no quarrel with the factual allegations" supporting Napoles's negligence claim (Count I), *see id.* at 1. While it is certainly true that factual allegations indicating negligence may also tend to show willful and wanton behavior—that is, facts demonstrating a breach of duty may also show an intent to harm the plaintiff or a conscious disregard for his safety—the problem with Napoles's argument here is that his complaint contains no such allegations. The facts as currently alleged are minimal to the extreme. No inference of an intent to harm, or of a conscious disregard for Napoles's safety, can plausibly be drawn from the statement that Johnson physically injured Napoles at a particular intersection in Calumet City, on a particular date. And it is of no moment that Johnson has not also moved to dismiss Napoles's negligence claim. Even if Johnson understood from the face of the complaint what plaintiff's negligence claim entailed, this does not mean that Johnson necessarily received adequate notice of what Napoles meant by "willful and wanton conduct." The "thin line" of which Napoles speaks is not so thin as to be nonexistent. Willful and wanton behavior may in some cases "be only degrees more than ordinary negligence," *Pfister*, 167 Ill.2d at 422 (citation omitted), but even a small difference is greater than no difference at all.

Napoles has not included in his Third Amended Complaint any facts reasonably suggesting that Johnson acted in a willful and wanton manner, and the bare assertion that he did so is not enough to withstand Johnson's motion to dismiss. Defendant's motion is therefore granted as to Count II of the current complaint.

Johnson also moves to dismiss Count III of the complaint, which alleges that Johnson engaged in reckless and negligent conduct. *See* [80] ¶¶ 14–16. Johnson argues that this claim cannot proceed as a matter of law, because Illinois does not recognize such a cause of action. This claim, says Johnson, is merely redundant of the negligence and willful-and-wanton-conduct claims discussed above. *See* [83] at 4–5. Defendant is correct that alleging recklessness is simply another way of alleging

3

willful and wanton conduct. *See Murray*, 224 Ill.2d at 236 (discussing a "reckless disregard for the safety of others") (citation omitted); *Ziarko*, 161 Ill.2d at 274 (stating that "reckless" actions may qualify as willful and wanton behavior) (plurality opinion). Napoles does not add in Count III any factual allegations supporting this theory: the assertion that Johnson "acted in a reckless manner," [80] ¶ 15, is merely a legal conclusion. This count, too, is therefore dismissed.

The motion to dismiss Counts II and III is granted. Both counts are dismissed without prejudice.

ENTER:

Date:  2/20/15

Manish S. Shah
U.S. District Judge